## UNITED STATES v. 1,197 SACKS OF INTOXICATING LIQUOR.

### THE JOHN M. HATHAWAY.

#### No. 3358.

District ·Court, D. Connecticut.
March 10, 1930.

John Buckley, U. S. Atty., and George H. Cohen, Asst. U. S. Atty., both of Hartford, Conn.

Louis Halle, of New York City, for claimants.

THOMAS, District Judge.

This is a libel against certain intoxicating liquor seized on board the schooner John M. Hathaway. The libel sets forth two claimed grounds of forfeiture. The first is based on the provisions of section 4377 of the Revised Statutes, title 46, § 325, U. S. C. (46 USCA § 325), and alleges that the schooner, which was of American registry, was, at the time of seizure, "employed in any other trade than that for which she is licensed," in that she was engaged in the transportation of intoxicating liquor.

The second ground of forfeiture, based on the provisions of section 4337 of the Revised Statutes, title 46, § 278, U. S. C. (46 USCA § 278), alleged in substance that on or about June 2, 1929, the said vessel "duly enrolled and licensed for the coast wide trade did leave the United States and did proceed on a foreign voyage, to wit, to a point on the high seas within the maritime jurisdiction of the United States, and did not, prior to proceeding on such foreign voyage, give up her enrollment and license and procure a certificate of registry from the Collector of the District comprehending the port from which she should proceed on such voyage."

The statutes in question provide:

(1) Rev. St. § 4377 (title 46, § 325, U. S. C. [46 USCA § 325]).

"*Penalty for violation of license.* Whenever any licensed vessel is transferred, in whole or in part, to any person who is not at the time of such transfer a citizen of and resident within the United States, or is employed in any other trade than that for which she is licensed, or is found with a forged or altered license, or one granted for any other vessel, such vessel with her tackle, apparel, and furniture, and the cargo, found on board her, shall be forfeited. But vessels which may be licensed for the mackerel fishery shall not incur such forfeiture by engaging in catching cod or fish of any other description whatever."

(2) Rev. St. § 4337 (title 46, § 278, U. S. C. [46 USCA § 278]).

"*Penalty for unlawfully proceeding on foreign voyage.* If any vessel, enrolled or licensed, shall proceed on a foreign voyage, without first giving up her enrollment and license to the collector of the district comprehending the port from which she is about to proceed on such voyage, and being duly registered by such collector, every such vessel, together with her tackle, apparel, and furniture, and the merchandise so imported therein, shall be liable to seizure and forfeiture."

Claim to the liquor and exceptions to the libel have been filed by Julian Moraze of St. Pierre, Miquelon. The claim sets forth that he is the lawful owner thereof and that no other person, including the owner, master, or mariners of the vessel, is the owner. The libel contains no other allegation as to the ownership of the liquors.

Rev. St. § 4378 (title 46, § 326, U. S. C. [46 USCA § 326]), provides:

"*Exemption from forfeiture.* Any merchandise on board any vessel which belongs, in good faith, to any person other than the master, owner, or mariners of such vessel, and upon which the duties have been paid, or secured according to law, shall be exempted from any forfeiture under this chapter."

The government claims that in order to take advantage of this provision, facts showing ground for the exemption must be pleaded by way of answer. This claim is well founded. The exemption clause is not a part of the statutes which prescribe the grounds for forfeiture, but it is in the nature of a proviso or exception. It is a general rule that such matters must be pleaded as a defense by the party seeking to take advantage of them. Thus it is said in 21 R. C. L. 463:

"The rule is stated that when the enacting clause of a statute makes an exception to the general provisions of the Act, a party pleading the provisions of the statute must negative the exception. But when the exception is contained in a proviso, and not in the enacting clause, the party pleading the statute need not negative the exception. It is for the other party to set it up in avoidance of the general provisions of the statute."

See, also, Cram v. Chicago, etc., Ry. Co., 84 Neb. 607, 122 N. W. 31, 26 L. R. A. (N. S.) 1022.

It is further claimed that the libel does not set forth a ground of forfeiture, in so far as it is based on section 4377, because it does not plead facts, but merely conclusions, in that although it alleged that the schooner was in contact with a foreign vessel, no description of the foreign vessel is contained in the libel. However, the allegation of contact with a foreign vessel is not an essential part of the libel which is founded primarily on the fact that the schooner was engaged in a trade other than that for which it was licensed. It is therefore, unnecessary that this allegation, which is unessential to the libel, be more specific.

The question of the sufficiency of the libel, in so far as it is based on Rev. St. § 4337 (46 USCA § 278), presents greater difficulty. The statute provides that if a vessel violates its provisions, "the merchandise so imported therein, shall be liable to seizure and forfeiture." The vessel, in the case at bar, was seized on the high seas at some distance from any port. It does not appear that the liquors seized ever came into the

United States; in fact the contrary is alleged. "Imported" as used in this act has never been construed. It was said, however, in United States v. Merriam, 26 Fed. Cas. No. 15,759, page 1237, that "to import means to bring into the United States." And in Franklin Sugar Refining Co. v. United States (C. C.) 178 F. 743, 747, it was determined that "date of importation," as used in the statute there under consideration, meant the "date of the arrival * * * in a port of entry in the United States." Although these definitions are not controlling in the construction of the word "imported," as used in section 4337, I am of the opinion that the liquors seized were never "imported" within the meaning of the act, and therefore not subject to forfeiture under that section. Had this section provided, as does section 4377, that "the cargo found on board" should be forfeited, a different conclusion would be necessary. The failure of Congress to use those words in this section indicates that the mere fact that the cargo is on board the vessel is not of itself sufficient to warrant forfeiture.

The exceptions are sustained as to the libel under section 4337, and overruled as to the libel under section 4377, and it is so ordered.